Chiropractic Board — Education — Program Approval Opinion dealing with various questions relating to the educational standards and programs mentioned in 59 O.S. 164 [59-164] (1968), and holding that the Board of Chiropractic Examiners has violated 59 O.S. 164 [59-164](C) (1967), by requiring a $50.00 renewal license fee under its rule Section 16(b) "non-attendance". The Attorney General has had under consideration your letter of April 29, 1968, wherein you in effect, ask the following questions: Question 1. Has the Legislature established the educational standards authorized in 59 O.S. 164c [59-164c] (1967) under 59 O S. 164(c) (1967), or any other statute? (a) If so, what are the standards? Question 2. Has the Legislature delegated this authority to the Chiropractic Board under 59 O.S. 164c [59-164c] (1967)? Question 3. Is it your opinion that the board may at its discretion approve or disapprove an educational program submitted by an individual or a legal entity without any reference or consideration that the program submitted meets the educational standards established by the board or the Legislature? If the board has the authority to set educational standards for renewal of license. Question 4. Has the board established these standards for renewal of license under its Rules and Regulations of the Board of Chiropractic Examiners, which are attached? Question 5. If the individual or legal entities' educational program meets the Board's educational standard, is it mandatory for the Board to approve the program submitted for the renewal of license? Specifically referring to the Rules and Regulations of the Board of Chiropractic Examiners: Question 6. Section 16(a): Has the Board the authority to limit its approval of educational programs to an individual person or legal entity who charges at least $30.00 per year dues? The Board has established a $50.00 fee for renewal of license under Section 16 (b) "non-attendance". Question 7. Has the Board set a standard in violation of 59 O.S. 164c [59-164c] (1967)? 59 O.S. 164c [59-164c] (1967), provides: "Every person holding a license to practice chiropractic in the State of Oklahoma shall pay to the Board of Chiropractic Examiners of the State of Oklahoma on or before the first day of January, 1938, and on or before the first day of January of each year thereafter, an annual renewal license fee of Ten Dollars ($10.00). Said Board shall, upon receipt of said fee, issue a chiropractic renewal license, which shall entitle the holder thereof to practice chiropractic in the State of Oklahoma during the succeeding calendar year; provided, however, that before such chiropractic renewal license may be issued, the licensee shall present to the Board (a) satisfactory evidence that in the year preceding the application for renewal said licensee attached two (2) days or more of an educational or postgraduate program theretofore approved by the Board, or (b) satisfactory evidence that he was unavoidably presented, by sickness or otherwise, from attending such educational or post-graduate program, together with the recommendation of two reputable, licensed Oklahoma chiropractors who personally know the licensee and vouch for his good standing in the profession." This section clearly provides no such educational standards but it does authorize the Board of Chiropractic Examiners to approve an educational or postgraduate program. This "approval" would of necessity permit the adoption of the educational requirements of the program by the Board. We find no other statute which establishes educational standards for these purposes. It is therefore the opinion of the Attorney General that the answers to your first and second questions are that the Legislature has not established the educational standards referred to in 59 O.S. 164 [59-164] (1967), but has delegated this authority to the Board of Chiropractic Examiners. You correctly note in your request that Attorney General's Opinion 64-110 provides in part: However, we believe that said section contemplates that the Board of Chiropractic Examiners will approve, in its discretion, one or more `educational or post-graduate programs' which may be attended by any person . . . ." (Emphasis added) It should be pointed out that this section further contemplates that the Board may not abuse this discretion. Whether or not the Board abused its discretion depends upon the facts of each case. Since this would be a question of fact rather than law we will not make such a determination but leave it for a court of proper jurisdiction. We, therefore, cannot answer your third question since it is a question of fact as to why the Board would approve or disapprove an educational program without any reference or consideration that the program submitted meets the educational standards established by the Board. We have reviewed the existing rules of the Board of Chiropractic Examiners and find that the relevant rule is Rule 16(a) which provides: "(a) That in the year preceding his application he attend two (2) days or more of an educational program conducted by any Oklahoma Chiropractic Association whose yearly dues are at least $30.00 per year per membership. "All programs must be submitted to the Board ninety (90) days before presentation of the program for the Board's approval or rejection." It is abundantly clear that the rules only mention "educational program" but do not effectively establish the standards for this educational program. Therefore the answer to your fourth question is that the Board has not established the educational standards for renewal of license as authorized in 59 O.S. 164c [59-164c] (1967). Section 164c provides, in effect, that the Board will approve, in its discretion, the educational program or programs. In answer to your fifth question it would not be mandatory for the Board to approve an educational program which meets the Board's educational standard, however, as stated in answer to question three, it is a question of fact for a court to decide as to whether an abuse of discretion would exist. In answer to your sixth question we find no specific prohibition against the Board limiting its approval of educational programs to an individual person or legal entity who charges at least $30.00 per year dues. Once again, however, this is a factual question as to why the Board, in its discretion, chose to set this requirement. The Board's Rule Section 16(b) provides in relevant part: "In the event such evidence relates to a `Statement of Non-Attendance', as set out in the statutes, the annual renewal license will not be issued until said statement has been approved by the Board, and a $50.00 processing fee paid by said non-attender and the Board forwarding material to compensate for the lack of the two (2) day's Educational Program approved, all at the discretion of the Board, Section (E) shall go into effect in 1966." Section 164c, supra, provides, in part, a mandatory "shall, upon receipt of said fee ($10.00) issue a chiropractic renewal license . . . ." It is clear that the Legislature intended only this $ 10.00 fee so the Board cannot enlarge upon this fee by rule. 82 C.J.S., Statutes, Section 333, provides in relevant part: "So, also, where a statute prescribes certain conditions, compliance with which are necessary to the existence of a right, no other conditions need be fulfilled." Additional language which seems pertinent to your seventh question is found in the second and third paragraphs of the syllabus by the court in Application of State Board of Medical Examiners,201 Okl. 365, 206 P.2d 211. "2. It is within the power of the Legislature to vest in executive officers the power to promulgate administrative rules, but this is never deemed to extend to the making of rules to subvert the statute. "3. The rule of the State Board of Medical Examiners of the State of Oklahoma requiring applicants for permission to take examination for license to practice medicine to possess a diploma from a Grade A school has no applicable force where such applicant predicates his right to apply upon a diploma from a school that is not within the area where the grading requested obtains, and the rule of said Board that applicants holding diplomas from schools not within the United States and Canada are ineligible to apply for examination is unauthorized and without force." It is the opinion of the Attorney General, in answer to your seventh question, that the Board is in violation of Section 164c by requiring a $50.00 fee for renewal of license under its rule Section 16(b) "non-attendance". (Dale F. Crowder)